```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

BRADLEY HAROLD ANDREWS,        §
(Tarrant No. 0497106)          §
VS.                            §   CIVIL ACTION NO.4:13-CV-008-Y
                               §
                               §
CAPTAIN PILKINGTON, et al.     §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
    1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Bradley Harold Andrews's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, Andrews submitted a form civil-rights complaint, with attachments, seeking relief under 42 U.S.C. § 1983. Andrews names as defendants Tarrant County, Texas, and several officials of the Tarrant County Sheriff's Department, including: Captain Pilkington, Lieutenant Olds, Sergeant Dixon, and Sergeant Jackson. (Compl. Style; § IV(B).) Andrews complains of an unsafe shower facility in the Green Bay unit of the Tarrant county jail. (Compl. § V.) Andrews seeks "monetary relief for injury from slipping and falling more than (5) five times, punitive damages relief, and [a] public apology." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Andrews's complaint must be dismissed.

Andrews states his claims as follows:

Tarrant County, Texas was responsible for maintaining an (unreasonable) unsafe shower facility at Green Bay Unit of the Tarrant County Jail system 41-S (SAM) "administrative segregation."

Captain Pilkington was responsible for the management of the Green Bay facility, therefore he maintained or managed an (unreasonably) unsafe shower facility in the 41-S (SAM) "administrative segregation."

Lieutenant Olds was responsible for department management of the Green Bay facility therefore managed an (unreasonably) unsafe shower facility system 41-S (SAM)

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *See Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

> "administrative segregation."
>
> Both Sergeant Dixon and Sergeant Jackson were responsible for the management of officers who control the 41-S (SAM) "administrative segregation" tank. The sergeants were responsible for the maintenance of the (unreasonably) unsafe shower facility at Green Bay 41-S (SAM) "administrative segregation."
>
> I claim an Eighth Amendment violation of "cruel and unusual punishment" for 80+ days suffering an (unreasonably) unsafe shower. (Compl. § V.)

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[7] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[8] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act

---

[6]*See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

[7]*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525-26 (5th Cir. 1999).

[8]*See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

3

or omission.'[9] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[10] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[11] As Andrew's claims involve specific events, his claims are of an episodic act or omission.[12]

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees.[13] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[14] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[15] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts

---

[9] *Olabisiomotosho*, 185 F.3d at 526; *see also Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand*, 135 F.3d 320, 327 (5th Cir. 1998).

[10] *Hare*, 74 F.3d at 644; *see also Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[11] *Scott*, 114 F.3d at 53.

[12] *See*

[13] *Hare*, 74 F.3d at 647-48.

[14] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[15] *Hare*, 74 F.3d at 643 and 650.

4

of the defendants."[16] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable defining the Eighth Amendment for denying an inmate humane conditions of confinement unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[17]

A review of Andrews's factual allegations indicate that he has not stated any claims that would constitute deliberate harm or wanton disregard of his rights. Andrews complains that the shower stall he was required to use at the Green Bay facility was "unreasonable," "unsafe," and caused him to slip and fall on at least five occasions. Such factual allegations do not satisfy the standard that the defendants were aware of a substantial risk of harm to him, and disregarded it. At most, Andrews's allegations might support a claim that jail officials were negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[18] "Rather, a 'slip and fall case,' without

---

[16] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[17] *Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648 ("[W]e conclude that a deliberate indifference standard is compelled by our cases and consistent with the relevant teachings of the Supreme Court. We hold that the episodic act or omission of a state jail official does not violate a pretrial detainees's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs").

[18] *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *see also Beasley v. Anderson,* 67 Fed. Appx. 242, 2003 WL 21108537, at *1 (5th Cir. 2003)([the prisoner's] claim regarding a slip and fall sounds in negligence, which is insufficient to allege

more, is merely a state tort claim to be pursued in state court."[19] The United States Court of Appeals for the Fifth Circuit recently affirmed a district court's dismissal as frivolous of a similar claim by an inmate plaintiff that defendant prison officials were aware of a dangerous condition in the shower area but nonetheless failed to take any preventative measures.[20] Similarly, all of Andrews's claims under 42 U.S.C. § 1983 arising from the allegedly unreasonable and unsafe condition of the shower in the Green Bay jail must be dismissed.

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED March 8, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

a constitutional violation)(citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891-92 (5th Cir.2000)); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment")(citing *Daniels,* 474 U.S. 327)).

[19]*Edwards v. Medical Staff at Graterford Prison,* No. 85-6147, 1985 WL 3738 at *1 (E.D.Pa. Nov. 12, 1985)(citing *Mitchell v. State of West Virginia,* 554 F.Supp. 1215, 1217 (N.D.W.Va. 1983).

[20]*Nobles v. Grimes,* 350 Fed. Appx. 892, 893, 2009 WL 3416238, at * 1 (5th Cir. Oct. 23, 2009)([Inmate] Noble's allegations are insufficient to show that the defendants were deliberately indifferent to a substantial risk of serious harm. *See Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999). Noble's allegations specifically do not permit a finding that the defendants either (a) had sufficient information to infer that the conditions in the shower area presented a substantial risk of harm to prisoners' health or safety or (b) actually drew an inference that inmates faced a risk of harm form the conditions in the shower area. *See id.* Instead, Noble's complaint, at most, alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 332-36 (1986); *Marsh v. Jones,* 53 F.3d 707, 711-12 (5th Cir. 1995). Accordingly, the district court did not err when it dismissed Noble's complaint for failure to state a claim for which relief may be granted).